# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| BESSIE DAVIS, ) | Civil Action No.: |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | REMOVED FROM THE COURT OF |
| ) | COMMON PLEAS, 5TH JUDICIAL |
| OUTBACK STEAKHOUSE OF FLORIDA, ) | CIRCUIT, COUNTY OF RICHLAND, |
| LLC, JOHN GRIFFIN, and JOHN DOE(S) 1-2, ) | SOUTH CAROLINA |
| ) | CASE NO. 2021-CP-40-04294 |
| Defendants. ) | |

## DEFENDANT'S NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1441 and 1446, Defendant Outback Steakhouse of Florida, LLC, ("Outback") hereby removes to the United States District Court for South Carolina, Columbia Division, the civil action pending against it in the Court of Common Pleas, 5th Judicial Circuit, County of Richland, South Carolina. In support of removal, Defendant states as follows:

1. On August 23, 2021, Plaintiff Bessie Davis commenced an action against Defendant Outback Steakhouse of Florida, LLC, by filing a Complaint in the Court of Common Pleas, 5th Judicial Circuit, County of Richland, South Carolina in the action entitled *Bessie Davis v. Outback Steakhouse of Florida, LLC, John Griffin, and John Doe(s) 1-2*, Case No. 2021-CP-40-04294. Copies of all filings in the State Court Action, including the Summons and Complaint (collectively the "Pleadings"), are attached hereto as Ex. A.

2. Defendant Outback was served with the Complaint and Summons via its registered agent Corporate Creations Network, Inc. *See* Ex. B.

3. As of the filing of this Notice of Removal, the time for filing responsive pleadings in the State Court Action has not expired. Furthermore, this Notice of Removal is being filed

within thirty (30) days of the service of the Summons and Complaint in the State Court Action and within thirty (30) days of Defendant's first knowledge of the pendency of the State Court Action.

4. Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). Defendant files this Notice of Removal in the United States District Court for the District of South Carolina, which is the district court of the United States for the district embracing the state court where the State Court Action is pending.

5. Removal is timely, as Plaintiff served Defendant with a copy of the Summons and Complaint on or about October 6, 2021. Defendant is filing this Notice of Removal with the United States District Court for the District of South Carolina on or before November 5, 2021, which is within 30 days after service and receipt of a copy of the initial pleading setting forth the claim for relief upon which this action is based. *See* 28 U.S.C. § 1446 (b).

## ALL STATUTORY REQUIREMENTS FOR REMOVAL ARE MET

6. Jurisdiction in this Court is proper because this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because (a) there is complete diversity of citizenship, and (b) the total amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Complete Diversity of Citizenship Exists Between Plaintiff and Defendants.

7. Diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a)(1), both at the time Plaintiff filed the State Court Action, and at the time of this Removal.

8. At the time the Complaint was filed, and on the date of removal, Plaintiff was and is a resident of South Carolina. See Ex. A, Complaint ¶1.

9.     At the time the Complaint was filed and served, and on the date of removal, Defendant Outback was and is a corporation organized and existing by virtue of the laws of the State of Florida, with its principal place of business in Florida.

10.     Accordingly, on the date the Summons and Complaint were filed, on the date Defendant were served with the Summons and Complaint, and on the date of the Removal of this action, complete diversity of citizenship existed because Plaintiff was and is a citizen, resident, and domiciliary of a different state from the Defendant Outback within the meaning of 28 U.S.C. § 1332(a).

11.     Upon information and belief, Defendant John Griffin ("Griffin") is an individual residing in South Carolina.  He is not a party interest who has been "properly joined and served," 28 U.S.C. § 1441(b)(2).  Griffin has been fraudulently jointed because "there is no possibility that [Davis] would be able to establish a cause of action against [Griffin] in state court." *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 299, 232 (4th Cir. 1993)).  Accordingly, this Court may "disregard, for jurisdiction purposes, the citizenship of [Griffin], assume jurisdiction over [the] case, dismiss [Griffin], and thereby retain jurisdiction." *Johnson v. Am. Towers, LLC,* 781 F.3d 693, 704 (4th Cir. 2015).

12.     Because Davis and Outback, the only properly jointed defendant, are citizens of different states, "complete diversity" is satisfied under 28 U.S.C. § 1332. *Id.*

**B.     The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.**

13.     In this lawsuit, Plaintiff is claiming that she was injured as a result of a slip/trip and fall accident that allegedly occurred on or about August 25, 2018.  Plaintiff alleges that she sustained injuries and damages. Ex. A, Complaint ¶9. Plaintiff is seeking damages for these injuries against Defendant under theory of Negligence and has also alleged punitive damages.

3

*See id.* at ¶11.   Therefore, the amount in controversy exceeds $75,000, excluding interest and costs, as required by 28 U.S.C. § 1332(a).

C.     **The Resident Defendants Have Been Fraudulently Joined.**

14.     "Congress created the removal process to protect defendants.  It did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it." *McKinney v. Bd. Of Trs. of Mayland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992) (internal quotation marks omitted).  "[B]y providing removal in the first place, Congress seems to believe that the defendant's right to remove a case that could be heard in federal court is at least as important as the plaintiff's right to forum of his choice." *Id.*,  This statutory right should not be "easily overcome by tactical maneuvering by plaintiffs." *Id.*, at 927.

15.     Here, Davis has engaged in tactical maneuvering by fraudulently joining in-state, nondiverse defendants—Outback store manager John Griffin and purported employees John Doe(s) 1-2—in an attempt to deprive Outback of its right to remove this lawsuit to federal court.  The fraudulent joinder doctrine applies to those defendants and they should not be considered when assessing this Court's jurisdiction.

16.     The fraudulent joinder doctrine is an exception to the general rule that complete diversity of citizenship is required to confer diversity subject matter jurisdiction on a federal court.  "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).  To establish fraudulent joinder, the removing defendant must show that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court."   *Hartley*, 187 F.3d at 424 (quoting *Marshall*, 6 F.3d at 232).   A

4

removing defendant satisfies the "no possibility" standard by demonstrating that there is "no reasonable basis for predicting that state law might impose liability on the facts involved.' *Bass v. Nissan N. Am., Inc.,* 228 F. App'x 331, 335 (4th Cir. 2007) (internal quotation marks omitted) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)); *see also Floyd v. Ford Motor Co.,*, No. C.A. 105-3090-MBS, 2006 WL 1049255, at *2 (D.S.C. Apr. 18, 2006) ("While the court will not require a defendant to negate all possibility of recovery, the court must ascertain whether there is a reasonable basis for predicting liability based on the claims alleged.").

17.     Davis alleges that she was injured when she slipped and fell on a substance at the Outback Steakhouse location on Harbison Boulevard on August 25, 2018.  Compl. ¶7.  Davis' claims for negligence against the manager (Griffin) are exactly the same as against his employer Outback.  There is no reasonable basis to believe that Griffin could be liable for the claims Davis has asserted against him and, therefore, his citizenship should be disregarded for jurisdictional purposed.

**D.     Removal is Timely.**

18.     This Notice of Removal is timely under 28 U.S.C. § 1446. This Notice of Removal is filed within 30 days of service upon Defendant, and receipt by Defendant, of Plaintiff's initial pleading (the Summons and Complaint) setting forth the claims for relief upon which this action is based, and within one year of the commencement of the action, so that it is timely filed under 28 U.S.C. § 1446.

**E.     The United States District Court for the District of South Carolina, Columbia Division, Has Jurisdiction of this Case, and it is the Proper Forum and Venue for It.**

19.     The State Court Action was commenced within the judicial district of the United States District Court for the District of South Carolina.  Furthermore, the State Court Action was

commenced in Richland County, South Carolina, which is located within the Columbia Division of the United States District Court for the District of South Carolina.

20.     Accordingly, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and the action is properly subject to removal to this Court pursuant to 28 U.S.C. § 1441.

21.     All procedural and statutory requirements for removal have been met.

22.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and filed with the Clerk of Court for the South Carolina Court of Common Pleas for Richland County, where Plaintiff originally filed the Complaint.

23.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

                         Respectfully submitted,

                         HAYNSWORTH SINKLER BOYD, P.A.
                         134 Meeting Street, Third Floor (29401)
                         P. O. Box 340
                         Charleston, SC 29402-0340
                         Telephone:     843-722-3366
                         Facsimile:     843-722-2266
                         Email:  ayount@hsblawfirm.com

                         By:     /s/ Adam N. Yount
                                Adam N. Yount
                                Fed I.D. No. 10313

                         *Attorneys for Defendants*

November 4, 2021
Charleston, South Carolina